IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**BOBBY E. BURTON, JR., #836846,**   :

    **Plaintiff,**                              :

**vs.**                                            :     CIVIL ACTION NO. 17-0004-KD-B

**Courtney Chung,**                      :

    **Defendant.**                          :

**REPORT AND RECOMMENDATION**

Plaintiff Bobby E. Burton, Jr. filed a complaint alleging violations under 42 U.S.C. § 1983. (Doc. 1). Plaintiff did not pay the filing fee or file a motion for leave to proceed without prepayment of fees with his complaint. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

>  upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This section is intended to curb abusive prisoner litigation by requiring prisoners who have had three actions or appeals dismissed as meritless to pay the full filing fee when their next action is filed.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).  "The only exception to section 1915(g) is if the frequent flier prisoner is 'under imminent danger of serious physical injury.'"  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199, 215-16 (2007); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)("[The] Eleventh Circuit [has] determined that a prisoner must allege a present imminent danger . . . under section 1915(g)"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(noting that plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his complaint or that he was in jeopardy of any ongoing danger").

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered, after reviewing the records of various district courts across the country, that Plaintiff has at least three actions or appeals that were previously

dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Burton v. Wilder et al, Civ. No. 10-328-LED-JDL, 2011 U.S. Dist. LEXIS 26328 (E.D. Tex. Mar. 14, 2011)(dismissed as frivolous and for failure to state a claim); Burton v. Inmate Trust Fund, Civ. No. 13-292-wmc, 2013 U.S. Dist. LEXIS 62670 (W.D. Wis. May 2, 2013)(dismissed as malicious pursuant to 28 U.S.C. § 1915A); Burton v. Alam, Civ. No. 13-348-MHS-KNM, 2013 U.S. Dist. LEXIS 119745 (E.D. Tex. Aug. 22, 2013)(dismissed as frivolous and for failure to state a claim); Burton v. Inmate Trust Fund, Civ. No. 13-776-LED-JDL, 2014 U.S. Dist. LEXIS 56881 (E.D. Tex. Apr. 23, 2014)(dismissed as frivolous and malicious); and Burton v. T.D.J.C. Health Systems, Civ. No. 15-221-WSS (W.D. Tex. Mar. 15, 2016)(dismissed pursuant to § 1915(e) and 1915A).[1]

Accordingly, in order to avoid the dismissal of the present action pursuant to § 1915(g), Plaintiff must satisfy the

---

[1] The Court notes that several other district courts have also determined that Plaintiff qualifies as a three striker, and have dismissed his complaints on said ground. See, e.g., Burton v. Pace et al, Civ. No. 14-271-MHS-KNM (E.D. Tex. June 5, 2014); Burton v. Alam, Civ. No. 15-64-WSS (W.D. Tex. Feb. 27, 2015); Burton v. Alam, Civ. No. 15-704-MHS-JDL (E.D. Tex. Apr. 4, 2016); Burton v. Alam, Civ. No. 14-470-WSS (W.D. Tex. Dec. 10, 2014); Burton v. Shanawar, Civ. No. 15-2-WSS (W.D. Tex. Jan. 7, 2015); Burton v. Alam, Civ. No. 15-184-WSS (W.D. Texas June 4, 2015); Burton v. Alam, Civ. No. 14-422-WSS (W.D. Tex. Oct. 18, 2014); Burton v. Alan, Civ. No. 16-118-RP (W.D. Tex. May 9, 2016); and Burton v. Inmate Trust Fund, Civ. No. 15-221-WSS (W.D. Tex. July 10, 2015).

3

exception to § 1915(g).  In other words, he must demonstrate that at the time he filed the instant complaint, he was "under imminent danger of serious physical injury."  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

After carefully reviewing the allegations in Plaintiff's complaint (Doc. 1), the Court cannot discern a claim showing that Plaintiff was under imminent danger of serious physical injury at the time he filed his complaint.  The only claim stated in his complaint is that he was "denied medical treatment", as he is no longer receiving medication for constipation. (Doc. 1).  A searching review of Plaintiff's complaint does not reveal any factual allegations that suggest, let alone demonstrate, that he was under imminent danger of serious physical injury at the time he filed his complaint. Ball v. Allen, Civil No. 06-0496-CG-M, 2007 WL 484547 at *1, 2007 U.S. Dist. LEXIS 9706 at *4 (S.D. Ala. Feb. 8, 2007) (Granade, C.J.) (unpublished) (To come within the § 1915(g) exception, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific

4

references to injury are insufficient.") (citation and quotation marks omitted).

In the absence of facts showing that Plaintiff was under "imminent danger of serious physical injury" at the time he filed his complaint, Plaintiff cannot avail himself of § 1915(g)'s exception.  As a result, his failure to pay the $350.00 filing fee at the time he filed this action necessitates that this action be dismissed without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full "filing fee at the time he initiates the suit") (emphasis in original); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2002) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28

U.S.C. § 636(b)(1); F~ED~.R.C~IV~.P. 72(b); S.D. A~LA~. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.*  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **5th** day of **January, 2017.**

                                        **SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**